IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEPCO FINANCE CORPORATION,  )
            )
    Plaintiff,     )
            )
   v.        )  No. 11 C 369
            )
DALLAS NATIONAL INSURANCE  )
COMPANY, et al.,     )
            )
    Defendants.   )

## **OPINION AND ORDER**

At the conclusion of a hearing on January 31, 2013, the court directed

the parties to state their positions with respect to three issues relating to the claims

and counterclaims involving defendant Dallas National Insurance Company

("Dallas"). The parties represented that the possible resolution of these issues

would advance the possibility of settlement. The issues relate to insurance

termination, liability for attorney fees, and the applicability of an 18 percent

interest rate specified in an Administrator Agreement. Before the court is Mepco's

"prove-up" of damages.

On October 9, 2009, Dallas sent notice of termination of insurance coverage of vehicle service contracts ("VSCs") to defendant Tier One Warranty, LLC ("Tier One") and to plaintiff Mepco Finance Corporation ("Mepco"). Mepco claims that it purchased 5,837 VSCs from Tier One before any knowledge of the cancellation of insurance by Dallas. Dallas claims that it failed to receive premiums or reserves from Tier One on the disputed VSCs. There are disputes as to how VSC payments, cancellations, and offsets are properly recorded on the books of the parties. Mepco also cites Texas law, *see* Tex. Occ. Code § 1304.152(b); *see also Texas Practice Guide: Business & Commercial Litigation* § 20:22, in support of its position that, as a matter of law, receipt by Tier One of payment from a VSC purchaser is to be treated as receipt by an insurer of its premiums. Also, Mepco argues that Dallas could not and did not cancel its insurance contract by giving notice both to the insured and to a regulatory agency which is required by statute. *Id.* The parties have not addressed the effect of the cancellation provision in the underlying insurance contract. *See, e.g.,* Pl. Summ. Jmt. Exh. 17 [157-17] ¶13; *see also* Pl. Response Exh. 27 [176-12]. The effect of the notice of insurance termination and the receipt of payments must be considered at a trial on the merits.

Paragraph 8(e) of the Administrator Agreement between Tier One and Mepco provides for prevailing party costs "in any litigation in connection with this Agreement." The costs are defined to include attorney fees. Consistent with the court's prior opinion on summary judgment construing Mepco's and Dallas's Joinder (a guaranty), the joinder is limited to the express terms of the undertaking. *See* Order dated Dec. 27, 2012 [221] at 14-15. Dallas is not subject to liability to Mepco for attorney fees. The guaranty does not contain that obligation. It deals only with certain dealer costs.

Paragraph 3(d) of the Administrator Agreement provides in part: "If Administrator does not repay Mepco by the due date thereof, interest shall accrue thereon at the rate of 18% per annum from the due date until payment is made." This provision was not guaranteed by Dallas and does not expose Dallas to 18% interest charges. However, whether Dallas could be liable for interest under Illinois law at the statutory rate must await the outcome of the case and a determination of whether the equities support the imposition of interest. *See generally **Ameritech Info. Sys., Inc. v. Bar Code Res., Inc.**,* 331 F.3d 571, 575 (7th Cir. 2003).

The court will hold a conference with the attorneys for the parties to discuss procedures for resolving this case. Prior to that conference, the parties should meet to discuss the matter and consider the following options:

(a) a jury trial;

(b) waiver of a jury and submission of the case to a special master, to be selected with the suggestion of the parties, for preparation of proposed findings of fact and conclusions of law;

(c) entering into a binding arbitration agreement written by the parties with the selection of an arbitrator by the parties; or

(d) mediation of any issues that have not been resolved or stipulated.

IT IS THEREFORE ORDERED that plaintiff's prove-up of damages [227] is denied without prejudice to proving at trial the amount of damages owed

by Dallas and seeking statutory interest thereon. Plaintiff is not entitled to attorney fees from Dallas. A status hearing will be held on May 23, 2013 at 2:00 p.m.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: April 30, 2013